## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | |
|---|---|
| PAUL WILLIAM ROBISON | § |
| | § |
| VS. | § CIVIL NO. 5:24-cv-00118-JKP |
| | § |
| PENSKE TRUCK LEASING CO., L.P., | § |
| MESILLA VALLEY | § |
| TRANSPORTATION SOLUTIONS, | § |
| LLC, and RICHARD LAREZ | § |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO REMAND

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

NOW COME Defendants to file their Response to Plaintiff's Opposed Motion to Remand (Doc. 13) and shows as follows:

### I.    PROCEDURAL HISTORY

On February 24, 2024, this Court requested Defendant Penske Truck Leasing Co., L.P. ("Penske") provide clarification on the citizenship of the parties. (Doc. 10)

On February 28, 2024, Defendant Penske filed its Notice of Jurisdictional Facts. (Doc. 11) In the Notice of Jurisdictional Facts, this Court was notified that Defendant Solutions was a citizen of Texas, but that it was not a proper defendant as it did not own or lease the vehicle in question, nor did it employ Defendant Richard Larez as Plaintiff alleged. (Doc. 11)

On April 15, 2024, Plaintiff filed his Motion to Remand to State Court requesting this Court to remand the action to state court due to Defendant Solutions' presence in the case. (Doc. 13) In his Motion to Remand, the Plaintiff

relies on Defendant Penske's admission that Defendant Solutions is a citizen of Texas. However, Plaintiff completely ignored Defendants Solutions and Services' respective affidavits attached to the Notice of Jurisdictional Facts stating Defendant Solutions is not a proper party because Defendant Services leased the vehicle in question and employed Defendant Larez, not Defendant Solutions. (Doc. 13)

On May 13, 2024, Defendant Solutions filed its Motion to Dismiss for failure to state a claim upon which relief can be granted. (Doc. 16)

## II.   ANALYSIS AND ARGUMENT

"[A]s long as a nondiverse party remains joined, the only issue the court may consider is that of jurisdiction itself." *Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd.*, 818 F.3d 193, 209 (5th Cir. 2016). Federal courts always have "jurisdiction to determine [their] own jurisdiction." *United States v. Ruiz*, 536 U.S. 622, 622 (2002). Federal Rule of Civil Procedure 12(b)(6) allows a defendant to ask a court to dismiss a claim for relief if the plaintiff "fail[s] to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). A 12(b)(6) motion should be granted if the plaintiff has sued the wrong party. See Pierce v. Odyssey Healthcare, Inc., No. 06-0561-WS-B, 2007 U.S. Dist. LEXIS 15107, at *10-11 (S.D. Ala. 2007); see also Pryor v. Wolfe, 196 Fed. Appx. 260, 263-64 (5th Cir. 2006); Ross v. Gallegos, No. 13-cv-00831-REB-KLM, 2013 U.S. Dist. LEXIS 171646, at *1-4 (D. Colo. Dec. 3, 2013). This is because, when a complaint names the wrong party, the plaintiff cannot prevail against that defendant under any set of facts. See Pierce, 2007 U.S. Dist. LEXIS 15107, at *10-11.

4893-5466-7710, v. 1

Defendant Solutions is the only party destroying diversity. As Plaintiff asserts in his Motion to Remand, "[t]his Court lacks jurisdiction over this removed action unless [Defendant Solutions] is dismissed from this action." (Doc. 13 at Section III, Paragraph 1) Since the filing of Defendant Solutions' Answer and Verified Denial (Doc. 8), Defendants have asserted through affidavits that Plaintiff sued the wrong party, Defendant Solutions, and that the correct party is Defendant Services. As such, Plaintiff cannot prevail against Defendant Solutions under any set of facts.

Therefore, Plaintiff's Motion to Remand to State Court should be denied because the only party destroying diversity of citizenship is an improper party that should be dismissed from the suit.

### III.   CONCLUSION

Plaintiff's Motion to Remand to State Court rests solely on Defendant Solutions destroying diversity of citizenship. However, Defendant Solutions is not the correct party because it did not own or lease the vehicle in question, nor did it employ Defendant Larez. Rather, Defendant Services leased the vehicle in question and employed Defendant Larez. Therefore, Defendant Solutions should be dismissed from this suit and Plaintiff's Motion to Remand to State Court should be denied because diversity of citizenship exists amongst the proper parties.

4893-5466-7710, v. 1

## IV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants request that the Court deny the Motion to Remand and for such other relief to which they may be entitled.

Respectfully submitted,

*/s/ John A. Gomez*

DAVID L. ORTEGA
State Bar No. 00791377
JOHN A. GOMEZ
State Bar No. 24096580
Telephone: (210) 731-6300
Facsimile: (210) 785-2951
E-mail: dortega@namanhowell.com
E-mail: jgomez@namanhowell.com
Naman, Howell, Smith & Lee, PLLC
10001 Reunion Place, Suite #600
San Antonio, Texas 78216
**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of May, the foregoing document, was filed with the Clerk of Court using the CM/ECF system, and was served on all counsel of record via E-mail:

Taylor Thompson
Thomas J. Henry
5711 University Heights, Suite 101
San Antonio, Texas 78249
Via Email: tthompson-svc@tjhlaw.com
**ATTORNEYS FOR PLAINTIFF**

_____
JOHN A. GOMEZ