# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **PAUL WILLIAM ROBISON** | § | |
| *Plaintiff* | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 5:24-cv-00118** |
| | § | |
| **PENSKE TRUCK LEASING CO., L.P.** | § | **JURY DEMANDED** |
| **MESILLA VALLEY** | § | |
| **TRANSPORTATION SOLUTIONS LLC,** | § | |
| **and RICHARD LAREZ** | § | |
| *Defendants* | § | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S 12(B)(6) MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Paul William Robison, hereinafter referred to by name or as Plaintiff, and files this Plaintiff's Response to Defendant's 12(b)(6) Motion to Dismiss, and in support thereof would respectfully show this Honorable Court the following:

### II. FACTS

On February 27, 2023, by all available information, Defendant, Richard Larez, while operating an 18-wheeler, owned/operated by Penske Truck Leasing Co., L.P., Mesilla Valley Transportation Solutions, LLC, and MVT Services, LLC, was heading west on the highway in Bexar County, Texas. Doc 15 at 3. Plaintiff Paul Robison was suddenly struck by Defendants' vehicle when the Defendant improperly changed lanes on the highway. Doc. 15. This caused Plaintiff to collide with the middle median concrete barrier then dart across the highway onto the opposite side of the highway outside the median concrete barrier. Plaintiff has sufficiently alleged that Defendant Larez was operating within the course and scope of his employment with Mesilla Valley Transportation Solutions, LLC and/or MVT Services, LLC. Doc. 15 at 3.

1

Because of the deficiencies and notable errors contained in Defendants' Notice of Removal, this Court has not conducted the Rule 26 conference—in an effort to better understand the citizenship of the parties. In an attempt to cure the jurisdictional defects in Defendant Penske's Notice of Removal, this Court ordered the Defendants clarify the citizenship of the Defendants. Doc 12. This Court noted that Defendant Penske concedes that Defendant Mesilla Valley Transportation Solutions, LLC is a Texas citizen, and thus defeats diversity. Doc 12. The Court correctly concluded the presence of Defendant Mesilla Valley Transportation Solutions, LLC defeats diversity. Doc 12 at 1.

On May 13, 2024, Defendant Mesilla Valley Transportation Solutions, LLC filed Defendant's Rule 12(b)(6) Motion. Defendant's Motion does not challenge the sufficiency of Plaintiff's pleadings. *See* Doc. 16. Defendant's argument is that Plaintiff simply sued the wrong Defendant. Doc 16 at 2-3. To support Defendant's argument, Defendant does not attack the sufficiency of the factual allegations, when accepted as true, fail to state a claim, as plead in Plaintiff's Amended Original Complaint. Instead, Defendant's Motion goes beyond the pleadings and relies on evidence outside Plaintiff's Amended Original Complaint and seeks dismissal before any discovery has been conducted.

## II.    ARGUMENT & ANALYSIS

A motion to dismiss for failure to state a claim concerns the "formal sufficiency of the statement of the claim for relief," not a lawsuit's merits. *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *vacated on other grounds*, *Id.* The complaint survives if it "contain[s] sufficient factual matter ... to 'state a claim to relief that is plausible on its face' when the facts alleged in Plaintiff's Complaint are accepted as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

First, to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955). *George v. SI Group, Inc.*, 36 F.4th 611, 619 (5th Cir. 2022)

Second, a Rule 12(b)(6) motion tests the sufficiency of the pleadings, not the merits of the case. *See Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 582 (5th Cir. 2020). That is why the well-pleaded factual allegations of a complaint must be taken as true and viewed in the light most favorable to the plaintiff. *See id. George v. SI Group, Inc.*, 36 F.4th 611, 619 (5th Cir. 2022).

Third, "a Rule 12(b)(6) motion typically cannot rely on evidence outside the complaint." *C&C Inv. Props., L.L.C. v. Trustmark Nat'l Bank*, 838 F.3d 655, 660 (5th Cir. 2016). True, a district court may rely on evidence outside the complaint, without converting the Rule 12(b)(6) motion into a motion for summary judgment, if that evidence is either (a) a document attached to the Rule 12(b)(6) motion, referred to in the complaint, and central to the plaintiff's claim; or (b) a matter subject to judicial notice under Federal Rule of Evidence 201. But going beyond the pleadings is otherwise error. *See Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). *George v. SI Group, Inc.*, 36 F.4th 611, 619 (5th Cir. 2022).

**1. Defendant's 12(b)(6) Motion is Improper Because it Relies on Evidence Outside of Plaintiff's Amended Original Complaint.**

Defendant's 12(b)(6) Motion is improper as it relies on evidence outside of Plaintiff's Amended Original Complaint. *See* Doc. 6. When a 12(b)(6) Motion relies on evidence outside the

Complaint, the 12(b)(6) Motion effectively becomes a Motion for Summary Judgment.[1] *See George v. SI Group, Inc.,* 36 F.4th 611, 619 (5th Cir. 2022). In *George v. SI Group, Inc.,* the 5th Circuit held that going beyond the pleadings when ruling on Defendants' 12(b)(6) was error: "It was inappropriate for the district court to require data, to rely on testimony, and to cite the failure to produce evidence at this Rule 12(b)(6) stage." *See George v. SI Group, Inc.,* 36 F.4th 611, 619 (5th Cir. 2022).

There, the District court relied on what "Brenner [Tank] testified" and an "inspection [that] revealed no evidence" to conclude that George had failed to plead plausible claims. *Id.* It further pointed to the absence of "data" to support the allegation that the tanker-trailer's legs were unsafe. And it observed that, in its view, "George's speculations about the designer, manufacturer, and distributor are the only evidence of a defect in the trailer." *Id.* These statements suggest that the District Court put George to his proof. *Id.* The existence *vel non* of proof that the tanker-trailer was defective, however, is a merits inquiry for summary judgment and, if necessary, for trial—not for the Rule 12(b)(6) stage. *See Sewell,* 974 F.3d at 582. It was inappropriate for the district court to require data, to rely on testimony, and to cite the failure to produce evidence at this Rule 12(b)(6) stage. *See Brand Coupon Network, L.L.C.,* 748 F.3d at 635.

Here, Defendant does not challenge the sufficiency of the factual allegations, when accepted as true, is plausible on its face.[2] The complaint survives if it "contain[s] sufficient factual matter ... to 'state a claim to relief that is plausible on its face' when the facts alleged in Plaintiff's Complaint are accepted as true. *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d

---

[1] There are two instances where the District Court may rely on evidence outside the Complaint: (a) a document attached to the Rule 12(b)(6), is referred to in the Complaint and is central to Plaintiff's claim; or (b) a matter subject to judicial notice under Federal Rule of Evidence 201. Neither of these exceptions apply here. Defendant's 12(b)(6) had one attachment. *See* Doc. 16-1. The sole attachment to Defendant's 12(b)(6) is Defendant's April 22, 2024 letter. This attachment is not referred to in the Complaint and is not central to Plaintiff's claim(s).

[2] Plaintiff contends Defendants have waived any challenges in to the factual sufficiency of Plaintiff's pleadings—as Defendant's argument solely relies on evidence outside the Plaintiff's Amended Original Complaint.

868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Defendant's argument goes to the merits of the case and rises to the level of a motion for summary judgment.

Instead, Defendant's argument centers on evidence outside of Plaintiff's complaint: "Plaintiff refused to dismiss Defendant Solutions in his Amended Complaint despite being provided with affidavits from Defendant Services and Defendant Solutions acknowledging that Defendant Solutions did not lease or own the vehicle in question." Doc 16 at 2. Specifically, Defendant's Motion relies on two affidavits, which were not attached to Defendant's Rule 12(b)(6).[3] Defendant's argument goes beyond the scope of the pleadings and asks this Court to dismiss the Defendant on a merit-based inquiry—before discovery and before the exchange of Rule 26 disclosures. This Rule 12(b)(6) is a veiled Summary Judgment, and is a prejudicial attempt to dismiss the Defendant before discovery has even begun. Defendant's motion is absolutely improper and dangerously urges this Court to err in the waters of reversible error.

In the alternative, if this Court does construe Defendants' Rule 12(b)(6) Motion as appropriate at this juncture, Plaintiff would respectfully request this Court to open discovery and to defer ruling upon Defendant's Rule 12(b)(6) Motion until discovery has been completed—so as to allow the Court to adjudicate this merits-based inquiry on the merits.

## IV.    CONCLUSION

It is for these reasons Plaintiff respectfully requests this Court deny Defendants' Rule 12(b)(6) Motion to Dismiss. In the alternative, Plaintiff requests this Court to defer ruling upon Defendant's Rule 12(b)(6) and to allow the parties to conduct discovery to address the merit-based arguments in Defendant's Motion.

---

[3] Defendant's Rule 12(b)(6) Motion incorrectly states Defendant attached the affidavits to the Rule 12(b)(6) Motion. Doc. 16 at 3. Defendant's only attachment was Defendant's Correspondence to Plaintiff.

Respectfully submitted,

Thomas J. Henry Law PC
P.O. Box 696025
San Antonio, Texas 78269
Telephone: (210) 656-1000
Facsimile: (877) 513-1359
E-service Address: *tthompson-svc@tjhlaw.com*
*Service by email to this address only

By:     _____

Taylor Thompson
State Bar No. 24105044


## CERTIFICATE OF SERVICE

I certify that on this, the 24th day of May , 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. I certify that I have served all counsel of record electronically.

_____
Taylor Thompson

6