**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**PAUL WILLIAM ROBISON,**

    *Plaintiff,*

**v.**                                                    **Case No. SA-24-CV-0118-JKP**

**PENSKE TRUCK LEASING CO., L.P.,**
**et al.,**

    *Defendants.*

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court are two motions: (1) Plaintiff's Motion to Remand (ECF No. 13) and Defendant Mesilla Valley Transportation Solution's Motion to Dismiss (ECF No. 16). The motions are ripe for ruling. Some background is warranted to put the motions in context.

## I. BACKGROUND

This case concerns a vehicle accident between Plaintiff and Defendant Richard Larez who was allegedly acting in the course and scope of his employment with Penske Truck Leasing Co., L.P., ("Penske") and Mesilla Valley Transportation Solutions, LLC, ("MVT"). *See* Pl.'s Orig. Pet. ¶¶ 7-10 (ECF No. 1-3, attached to Notice of Removal (ECF No. 1)).

Defendant Penske removed the case to federal court on the basis of diversity jurisdiction and asserted that Plaintiff improperly joined MVT as a defendant. *See* Notice of Removal. After all original defendants had filed an answer to the complaint, *see* ECF Nos. 8-9, the Court sought clarification of jurisdiction due to deficiencies in the jurisdictional allegations of the Notice of Removal. *See* Order Regarding Jurisdictional Facts (ECF No. 10). In response, Defendant Penske clarified that that MVT is a Texas citizen but reiterated that Plaintiff improperly joined MVT as a defendant. *See* Notice of Jurisdictional Facts (ECF No. 11). Penske identified the proper defendant

as MVT Services, LLC, dba Mesilla Valley Transportation (hereinafter referred to as "MVT Services") which is a citizen of New Mexico. *See id.* At that point, however, neither party had taken any action as to the alleged improperly joined defendant.

After waiting for some action by the parties relative to the alleged improperly joined defendant, the Court issued an Order to Show Cause Regarding Jurisdiction (ECF No. 12). It pointed out that "[t]he continued presence of MVT in this case destroys diversity jurisdiction" and that jurisdiction is lacking "over this removed action unless that entity is dismissed from this action through a motion to dismiss or otherwise." It thus directed Penske to show cause in writing by May 15, 2024, why the Court should not remand this action to state court. It also set that same date as a deadline to move for dismissal of MVT or to remand.

The same day the Court issued its show cause order, Plaintiff moved to remand this case. *See* ECF No. 13. Fourteen days later, Plaintiff advised the Court that it intended to file an amended complaint adding MVT Services as a party. *See* ECF No. 14. On May 6, 2024, Plaintiff filed an amended complaint to add the new defendant but did not dismiss the alleged improperly joined MVT. *See* ECF No. 15. Plaintiff did not change the premise for his claims—he still claims that Defendant Larez was acting within the scope of his employment, but he added MVT Services as another alleged employer. *See id.* ¶¶ 8-11. Defendant MVT thereafter moved for dismissal under Fed. R. Civ. P. 12(b)(6). *See* ECF No. 16. The next day all defendants responded to the motion to remand. *See* ECF No. 17. Plaintiff thereafter timely responded to the motion to dismiss. *See* ECF No. 18.

## II. JURISDICTION

All parties agree that MVT is a nondiverse party that destroys diversity jurisdiction while it remains in the case. For purposes of their jurisdictional inquiries, courts may consider matters outside the original pleadings. And "as long as a nondiverse party remains joined, the *only* issue

the court may consider is that of jurisdiction itself." *Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd.*, 818 F.3d 193, 209 (5th Cir. 2016). Federal courts always have "jurisdiction to determine [their] own jurisdiction." *United States v. Ruiz*, 536 U.S. 622, 622 (2002). "This limited authority permits the court to grant a motion to remand if a nondiverse party is properly joined," while also permitting "the court to deny such a motion if a party is improperly joined and, in so doing, to dismiss the party that has been improperly joined." *Int'l Energy*, 818 F.3d at 209. Regardless, "the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). "In considering whether a nondiverse party was improperly joined under *Smallwood*, the court is *only* considering jurisdiction." *Int'l Energy*, 818 F.3d at 210.

Given the jurisdictional concerns presented by the alleged improper joinder, the Court first addresses the motion to remand, which falls within its limited authority to determine its own jurisdiction over this removed case.

### III. MOTION TO REMAND

Through the motion to remand, Plaintiff argues that the concession that MVT is a nondiverse party requires remand. Although Penske asserted improper joinder[1] and the Court mentioned it in its prior orders, Plaintiff makes no effort to confront the joinder issue.

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). There is no dispute, furthermore, that 28 U.S.C. § 1332(a) provides the federal courts with original jurisdiction over all civil actions between "citizens of

---

[1] Some jurisdictions use the phrase, "fraudulent joinder," but this Court will use "improper joinder" as generally used in the Fifth Circuit. *See Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 401 n.14 (5th Cir. 2013).

different States" when the amount "in controversy exceeds the sum or value of $75,000, exclusive of interest or costs." However, a "civil action otherwise removeable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *See id.* § 1441(b)(2).

A party may move to remand a previously removed case. *See* 28 U.S.C. § 1447(c). "Because removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'" *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (quoting *In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007)). "Any ambiguities are construed against removal and in favor of remand to state court." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013). The removing party has the burden to show "that federal jurisdiction exists and that removal was proper." *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014) (quoting *Mumfrey*, 719 F.3d at 397).

Penske removed this case solely on the basis of diversity jurisdiction. No party raises a dispute about the jurisdictional amount required for diversity jurisdiction. Nor do the parties disagree that MVT is a nondiverse party. But Penske contends that Plaintiff improperly joined MVT because the proper entity is MVT Services.

There are two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the nondiverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc); *accord Int'l Energy Ventures Mgmt., LLC v. United Energy Group, Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016) (stating the two ways as "(1) the plaintiff *has* stated a claim against a diverse defendant that he fraudulently alleges is nondiverse, or (2) the plaintiff *has not* stated a claim

4

against a defendant that he properly alleges is nondiverse"). This case only concerns the second method.

To successfully show improper joinder under the second method, a defendant must demonstrate "that there is no possibility of recovery by the plaintiff against an in-state defendant," which means that the defendant must show that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Mumfrey*, 719 F.3d at 401 (citations and emphasis omitted); *accord Int'l Energy*, 818 F.3d at 200 (substituting "non-diverse" for "in-state"); *Smallwood*, 385 F.3d at 573 (adopting "this phrasing of the required proof and reject[ing] all others, whether the others appear to describe the same standard or not"). The Fifth Circuit consistently reiterates that a claim of improper joinder fails when there is "a *reasonable* possibility of recovery, not merely a *theoretical* one." *Kling Realty Co. v. Chevron USA, Inc.*, 575 F.3d 510, 513 (5th Cir. 2009) (quoting *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007)); *accord Smallwood*, 385 F.3d at 573 n.9 (agreeing that a "'mere theoretical possibility of recovery under local law' will not preclude a finding of improper joinder").

When considering the issue of improper joinder, the Court's task is not to determine whether the plaintiff will recover on any claim asserted against the alleged improperly joined defendant or whether the plaintiff is even likely to recover; the Court instead must only consider whether there is a reasonable basis to predict that the plaintiff might be able to recover on any claim asserted against a nondiverse defendant. *See Smallwood*, 385 F.3d at 573; *Mumfrey*, 719 F.3d at 401. At this stage of the litigation, the plaintiff has no need to prove any claim. *See Johnson v. Zurich Am. Ins. Co.*, No. 3:11-CV-0344-P, 2011 WL 3111919, at *4 (N.D. Tex. June 29, 2011).

While the Court's inquiry is on the joinder rather than the merits of any particular claim, *Smallwood*, 385 F.3d at 573, the federal courts apply one of two alternate federal tests – one

premised on Fed. R. Civ. P. 12(b)(6) and the other premised on piercing the pleadings by conduct-ing a summary inquiry, *see Int'l Energy*, 818 F.3d at 207. But courts use both inquiries "to resolve the issue of jurisdiction, not merits." *See id.* at 210. Furthermore, "the existence of even a single valid cause of action against in-state defendants . . . requires remand of the entire case to state court." *Gray ex rel. Rudd v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 412 (5th Cir. 2004); *accord Allen v. Walmart Stores, LLC*, 907 F.3d 170, 183 (5th Cir. 2018).

The party asserting improper joinder carries a heavy burden of persuasion. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). And when determining "the validity of an improper joinder claim," the courts "evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact" and "all ambiguities in the controlling state law in the plaintiff's favor." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005). Only after the Court resolves "disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party," does it "determine whether that party has any possibility of recovery against the party whose joinder is questioned." *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000) (citation and emphasis deleted). Still, the Court remains mindful that a reasonable possibility of recovery requires more than a "mere hypothetical possibility that such an action could exist." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999).[2]

In this case, all claims against MVT require that Defendant Larez be acting within the course and scope of his employment. But Penske has provided affidavit evidence that MVT did not employ Larez or own or lease the vehicle alleged to have been involved in the accident. *See* Aff. Rigg (attached to ECF No. 11). Penske also provided an affidavit that MVT Services "leased Defendant Richard Larez and was the Lessee of the vehicle alleged to have been involved in the

---

[2] A "mere hypothetical possibility" equates to the theoretical possibility that *Smallwood* expressly recognized as insuf-ficient to preclude a finding of improper joinder.

accident at issue." *See* Aff. Garcia (attached to ECF No. 11).

Rather than accept the truth of these affidavits, Plaintiff views as "troubling" a Verified Petition to take Deposition Before Suit presented in state court by "Petitioner, Mesilla Valley Transportation [who] is incorporated in New Mexico and is registered to do business in the State of Texas." *See* ECF No. 14. That deposition petition indicates that Plaintiff and the New Mexico MVT will have adverse interests. Plaintiff indicates a desire to depose the corporate representative to better ascertain the facts and to understand the connections between the two MVT entities. But such discovery is unnecessary when presented evidence shows that the non-diverse MVT did not employ Defendant Larez or lease the vehicle in question, and thus could not be held liable in this case.

The Court finds no need for discovery on this matter. Penske has carried its heavy burden of persuasion to show that Plaintiff improperly joined MVT. Based on the foregoing, the Court finds no reasonable basis to predict that Plaintiff might be able to recover on any claim asserted against a nondiverse defendant. The Court has used the submitted affidavit evidence to pierce the pleadings by conducting a summary inquiry into the jurisdictional matter. Under the Court's limited authority to determine its own jurisdiction, the Court properly denies a motion to remand upon finding that a party is improperly joined and, in doing so, it may "dismiss the party that has been improperly joined." *Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd.*, 818 F.3d 193, 209 (5th Cir. 2016).

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Remand (ECF No. 13) and **DISMISSES** Mesilla Valley Transportation Solutions, LLC, without prejudice, as an improperly joined defendant. Given such dismissal, the Court **MOOTS** Defendant Mesilla Valley Transportation Solution's Motion to Dismiss (ECF No. 16). By separate order, the Court will refer this

case to the assigned Magistrate Judge for pretrial management.

**SIGNED this 7th day of August 2024.**

**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**